# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **v.** | : |
| | : |
| **MH PILLARS LTD., doing business as PAYZA,** | : |
| | : |
| **FIROZ PATEL,** | : |
| **and** | : |
| **FERHAN PATEL,** | : |
| **Defendant.** | : |

**Criminal No.   18-053 (KBJ)**

**Offense:**

**18 U.S.C. § 371
(Conspiracy to Commit Offenses Against the United States)**

**Forfeiture:  18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p)**

## INFORMATION

The United States Attorney charges that:

At times material to this Information:

### COUNT ONE
### (Conspiracy to Commit Offenses Against the United States)

1.      From in or about January 2007, continuing until in or about November 2015, within the District of Columbia and elsewhere, defendants MH PILLARS, LTD., doing business as PAYZA, FIROZ PATEL, and FERHAN PATEL, together with co-conspirators known and unknown, did knowingly combine, conspire, confederate, and agree, to defraud the United States and to violate:

      a.   18 U.S.C. § 1960 by conducting, controlling, managing, supervising, directing, and owning unlicensed money transmitting businesses; and

      b.   18 U.S.C. § 1956(a)(2)(A), that is, by transporting, transmitting, or transferring, or attempting to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, that is Canada and other countries, and to a place in the United States from or

through a place outside the United States, that is Canada and other countries, with the intent to promote the carrying on of specified unlawful activity, that is, an offense under Section 1960, relating to illegal money transmitters, and an offense under Section 1343, relating to wire fraud.

Object of the Conspiracy

2.      It was the object of the conspiracy to enrich the defendants and their co-conspirators by operating an unlicensed money transmitting businesses, which transmitted funds that were known to the defendants and their co-conspirators to have been derived from specified unlawful activity in order to promote that unlawful activity.

Overt Acts

3.      In furtherance of the conspiracy, and the aiding and abetting of a conspiracy, and to effect the objects of such conspiracy, defendant MH PILLARS, LTD., doing business as PAYZA did not have a Bank Secrecy Act officer, nor did it conduct legally required Bank Secrecy Act/anti-money laundering audits.

4.      In furtherance of the conspiracy, and the aiding and abetting of a conspiracy, and to effect the objects of such conspiracy, defendant FIROZ PATEL received an email with Payza's "Merchant Risk Guideline" in February 2013, which contained comments in the document identifying all the internal compliance failures, including specific failures in relation to preventing the taking on/servicing of pyramid and Ponzi schemes

5.      In furtherance of the conspiracy, and the aiding and abetting of a conspiracy, and to effect the objects of such conspiracy, defendant FERHAN PATEL directed a co-conspirator to create a sanitized customer list.

**(Conspiracy to Commit an Offense Against the United States,
in violation of Title 18, United States Code, Section 371)**

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, involved in this offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The United States will seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Count One, and any property traceable to such property.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

BY:     _____
Zia Faruqui, D.C. Bar No. 499490
Arvind K. Lal, D.C. Bar No. 389496
Assistant United States Attorneys
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 252-7117; Zia.Faruqui@usdoj.gov

3